# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.  Case No. 5:18-CR-48-Oc-27PRL

**JOVAN DEMETRIUS FREDERICKS**
_____/

## ORDER

**BEFORE THE COURT** are the Report and Recommendation of the Magistrate Judge (Dkt. 30) and Defendant's Objection (Dkt. 31). Upon consideration, Defendant's Objection is overruled. After a *de novo* review of the record and the suppression hearing transcript, the Report and Recommendation is adopted and approved. Defendant's Motion to Suppress (Dkt. 20) is DENIED.

## Standard of Review

A district court may accept, reject, or modify a Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). And when a party files a timely and specific objection to a finding of fact by a Magistrate Judge, and the Magistrate Judge made findings of fact based on testimony, the transcript of the hearing is reviewed. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *citing Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc).

Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x. 853, 857 (11th Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

1

Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem*, *Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. App'x. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982); *Cooper-Houston v. S.. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**Relevant Facts**

Defendant moved to suppress evidence seized from his person on September 29, 2018. The Magistrate Judge, after hearing testimony from the arresting officers and viewing one of the officer's body cameras, made factual findings, which are not objected to by Defendant. The Magistrate Judge, recommends that the motion to suppress be denied. After review of the hearing transcript, I find that the Magistrate Judge's findings are supported by the evidence and therefore not clearly erroneous.

In summary, the arresting officers observed Defendant sitting in a chair in a common area of the Parkside Apartments in Ocala. The officers, who patrolled the area regularly and were aware of recent reports of drug and firearm activity, did not recognize Defendant as a resident of the apartments.[1] As they approached him, they observed a brown hand rolled cigarette "cupped" and partially concealed in the palm of his right hand. When he was asked what he had in his hand, he showed a lighter. Officer Cabrales told him he had seen what he had in his hand, and "calmly and politely," asked him to stand up. As Defendant stood, he turned his back to the officers and moved his hand and arm toward his back. As Cabrales described, he was either "trying to put something in

---

[1] Officer Cabrales described the apartments as "one of our problem areas" because of the crimes committed there, including drug activity, gambling, firearms, and at least three homicides. The officers actually had the authority from the apartment management to issue trespass warnings to individuals who didn't reside there. On the day they encountered Defendant, Cabrales and Officer Rodriquez walked toward Building 900 because it was a "known drug dealing area or problematic area with gambling, everything." Defendant was sitting in a recliner "in front of 902." To the extent Defendant disputes whether he was siting outside an apartment as opposed to in a common area, that factual dispute is not material to whether the officers were constitutionally authorized to conduct a brief investigatory encounter with Defendant.

his back pocket or move his hand behind his back," "enough for me to grab it."[2] Cabrales grabbed his arm and as they began to handcuff him, felt "a firearm under his shirt." Cabrales immediately told Rodriquez that he had a "gun on him." Defendant was handcuffed and the officers removed the handgun from his waist. Officer Rodriquez removed the cigarette from his hand.[3] As Defendant was walked to the officers' vehicle, he reached toward his back pocket, where the officers found a black bag containing MDMA, marijuana and heroin.[4]

The Magistrate Judge concluded, based on the experience of the officers and their observations, that they were justified in approaching Defendant and conducting an investigatory detention. After a *de novo* review, I agree. The officers were aware that the apartment complex was a high crime area with a number of recent incidents involving drugs, gambling and firearms. And, based on their frequent patrols, they knew that the specific building Defendant was sitting near was the focus of criminal activity, and that he was not a resident of the complex. They saw a hand rolled brown cigarette cupped in his hand which he attempted to conceal. Their initial encounter with Defendant was therefore justified based on reasonable, articulable suspicion that he possessed an illegal substance.

The officers' actions in approaching Defendant and asking questions did not implicate his Fourth Amendment rights. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). His Fourth Amendment rights were implicated when he was asked to stand. By then, however, the officers had a reasonable, articulable suspicion that he was engaged in criminal activity. Based on their

---

[2] According to Cabrales: "He moved in a gesture trying to hide something or move his hands into his pockets and then we did handcuff him because of that."

[3] All of this was captured on Officer Cabrales' body camera.

[4] The cigarette tested positive for MDMA. Defendant is a convicted felon, prohibited from possessing a firearm.

3

experience, they suspected that the cigarette cupped in his hand likely held an illegal substance.[5] As for Defendant's argument that the cigarette could have held tobacco, the Magistrate Judge correctly noted that the officers were not required to "rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 277 (2001) ("A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct."); *Illinois v. Wardlow,* 528 U.S. 119 (2000) (where conduct not clearly illegal, officers may detain the individual to resolve the ambiguity). And when he was evasive about what he was holding in his hand and attempted to conceal it, objectively, and based on a totality of the circumstances, the officers had a reasonable, articulable suspicion of criminal activity, justifying an investigatory detention. *Wardlow,* 528 U.S. at 123 (officer may conduct a brief, investigatory stop when the office has a reasonable, articulable suspicion of criminal activity).

Contrary to Defendant's contention, the officers did not exceed their authority to conduct a brief investigatory detention when they handcuffed him. "No brightline test separates an investigatory stop from an arrest. Instead, whether a seizure has become too intrusive to be an investigatory stop and must be considered an arrest depends on the degree of intrusion, considering all the circumstances." *United States v. Blackman*, 66 F.3d 1572, 1576 (11th Cir. 1995).

Having seen the hand rolled cigarette cupped in his right hand and confronting him after he showed only a lighter, the officers were in the process of conducting their investigatory detention when he was asked to stand. Suddenly, however, he turned from the officers and attempted to reach toward his back pocket. When Officer Cabrales grabbed his hand to prevent him from reaching

---

[5] Defendant's contention that lack of reasonable suspicion and probable cause is demonstrated by the officers' supervisor instructing them to be sure to include in their report that the cigarette was not normal looking is not persuasive. The officers observed what appeared to them, based on their experience, a hand rolled cigarette used to hold marijuana or tobacco laced with MDMA. Since that was the reason for their investigatory encounter with Defendant, it was important that their observation be accurately documented.

toward his back, he was justified in handcuffing him for officer safety, and to complete their investigation. Placing him in handcuffs under the circumstances did not transform the investigatory detention into an arrest. *Blackman*, 66 F.3d at 1576. And clearly, once the firearm was detected, there was probable cause to arrest him for carrying a concealed weapon. And, as the Magistrate accurately found, the contact with the suspected firearm was incidental to Cabrales' attempt to prevent Defendant from secreting the cigarette, or reaching into his back pocket.

In sum, Defendant's contention that the officers exceeded their authority to conduct a "brief investigatory stop" by proceeding directly to a warrantless arrest is contradicted by the evidence. Accordingly, his objection that the officers lacked reasonable suspicion is overruled. And his objection that they lacked probable cause to arrest him is likewise overruled.

**DONE AND ORDERED** this 12th day of February, 2018.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record